IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JAMES L. MCCARTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-0245-NKL |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

ORDER

Pending before the Court is Plaintiff James L. McCarty's ("McCarty") Motion for Summary Judgment [Doc. # 15]. McCarty seeks judicial review of the Commissioner's denial of his requests for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*, and for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq.* The Administrative Law Judge ("ALJ") found that McCarty was not entitled to benefits, and such determination became the final decision of the Commissioner when the Appeals Council denied McCarty's request for review. McCarty has exhausted his administrative remedies, and jurisdiction is conferred on this Court pursuant to 42 U.S.C. § 405(g). Because the Court finds that the Administrative Law Judge did not make an individualized inquiry into McCarty's ability

1

to do past relevant work *as he actually performed it*, this matter is remanded to Defendant for further consideration.

**I.      Background**

**A.      Summary of Medical History**

McCarty claims benefits arising from his alleged disability as a result of an automobile accident that occurred on January 30, 2004. McCarty complained of significant lower back and neck pain as well as pain in his arms, hands and feet and numbness in his upper extremities. (Tr. 17). McCarty underwent an MRI scan of his spine on March 16, 2004, for numbness in the upper extremities and pain in the neck, shoulders, arms, upper back, lower back and thighs. The MRI found cervical hypolordosis, decrease in disc height, osteophytes, or small bone growths, bulging and enlargement of several discs. (Pl. Brief, 9).

On August 9, 2004, McCarty saw Dr. Joyce Majure-Lees, a consulting physician, for a Disability Determination Evaluation. (Tr. 135). Dr. Majure-Lees found that McCarty suffered from chronic low back and mid-back pain as well as chronic cervical pain secondary to his automobile accident which limited motion in the cervical spine. (Tr. 17). McCarty had normal lower extremity strength, reflexes, motor strength, and sensory function. *Id*. Dr. Majure-Lees found that McCarty could lift 10 pounds frequently and 15 pounds occasionally, walk or stand for five to six hours out of eight hours and sit for six to eight hours with breaks at least every two hours. (Tr. 138).

On January 14, 2005, McCarty underwent a second MRI scan of the lumbar spine. The MRI indicated exaggeration of the lumbar lordosis; probable tear in the posterior aspect of the annulus fibrosis at L5-S1, with minimal incidental protruding or extruding disc at L5-S1; and, mild incidental narrowing of the right L4-5 neural foramen. (Tr. 162). McCarty's pain increased as observed during follow up examinations provided by the Headache and Pain Center on March 30 and April 5, 2005, but improved between May and June 2005. (Tr. 143-157).

### B.    Hearing

#### 1.    Medical Evidence

At the hearing, the ALJ determined, based on the medical evidence and McCarty's testimony, that McCarty would have no limitation on performing light or sedentary work. (Tr. 17). State agency physicians and Dr. Majure-Lees supported the conclusion that McCarty could perform work at the light exertional level despite chronic back and neck pain. *Id*. The physical evidence showed no radiculopathy of the lumbar spine and lower extremity strength was normal. *Id*. She concluded that McCarty had the following severe impairments: status post motor vehicle accident with residual physical ailments including a degenerative disc disease of the lumbar and cervical spine. However, the ALJ found no evidence that McCarty's ailments individually or in combination reached the level of severity contemplated in the Listing of Impairments in Appendix 1, Subpart B, Social Security Regulations No. 4. *Id*.

#### 2.    Testimony of Claimant McCarty

3

McCarty testified as to his job history and the pain in his back and legs. (Tr. 218-19). Prior to January 31, 2004, from which point he has not worked, McCarty was employed as an order-filler for Associate Grocery (2002-2004) and Cisco (1994-2002), and as a customer service representative for G.E. Capital (1992-1994). (Tr. 217). McCarty testified that he is currently undergoing both medical and physical therapy for his pain; he is dependent on his girlfriend for household activities and maintenance. (Tr. 227).

### 3. Testimony of Vocational Expert

Vocational Expert Denise Waddell testified that McCarty had performed past work that was semi-skilled and unskilled, including customer service representative and delivery driver. Waddell testified that a person of McCarty's abilities and restrictions as assessed in Dr. Majure-Lees' diagnosis could perform any of his past relevant work as a customer service representative. If McCarty would miss an average of two days per month, Waddell testified that there would not be any other work available. (Tr. 236).

## II. The ALJ's Decision

The ALJ found McCarty to have the following severe impairments: status post motor vehicle accident with residual physical ailments including a degenerative disc disease of the lumbar and cervical spine.

The ALJ found McCarty's testimony, with respect to the severity of his overall condition, to be not credible, and not supported by the totality of the evidence. She also found the evaluation of Dr. Majure-Lees as an important factor in her decision. (Tr. 17-

4

18). The ALJ concluded that McCarty has the residual functional capacity ("RFC") to perform the exertional requirements of his past relevant work as a customer service representative. Therefore, the ALJ denied McCarty's request for benefits.

## III. Standard of Review

To establish entitlement to benefits, Plaintiff must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable impairment which has lasted or can be expected to last for not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). When reviewing the Commissioner's decision concerning disability benefits, courts may not decide facts anew, reweigh the evidence or substitute their judgment for that of the Commissioner. *See Brockman v. Sullivan*, 987 F.2d 1344, 1346 (8th Cir. 1993) (citing *Jelinek v. Bowen*, 870 F.2d 457, 458 (8th Cir. 1989)). Rather, the standard of appellate review of the Commissioner's decision is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole. *See Sampson v. Apfel*, 165 F.3d 616, 618 (1999); *see also Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996); *Carlson v. Chater*, 74 F.3d 869, 871 (8th Cir. 1996); *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995). Substantial evidence is that evidence which reasonable minds would accept as adequate to support the Commissioner's conclusion. *See Williams v. Sullivan*, 960 F.2d 86, 89 (8th Cir. 1992). An administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. *See Gaddis v. Chater*, 76 F.3d 893, 895 (8th Cir. 1996); *see also Shannon*, 54 F.3d at 486; *Onstead v. Sullivan*, 962 F.2d 803, 804 (8th Cir. 1992).

**IV.    Discussion**

The ALJ did not properly formulate her RFC finding.  The ALJ failed to properly ascertain whether McCarty is capable of performing his past relevant work as he actually performed it.  *Bowen v. City of New York*, 476 U.S. 467 (1986).  McCarty depends on Social Security Ruling ("SSR") 96-8p which provides that in evaluating an applicant "closely approaching advanced age," the ALJ must first determine whether the applicant can do past relevant work *as he or she actually performed it*, and if they cannot, the ALJ must then determine whether the work can be done as it is generally performed in the national economy.  (Pl. Brief, 13-14).  The record shows that the ALJ did not inquire as to how McCarty actually performed his past work.  Rather, the record shows that the ALJ based her decision in large part on the medical evaluation of Dr. Majure-Lees that, because McCarty could frequently lift 10 pounds, occasionally lift 15 pounds and stand or walk five to six hours a day, he could perform past work as a customer service representative "as that job is customarily performed in the national economy."  (Tr. 20).  Although Ms. Waddell testified that those restrictions would allow a person to return to "the customer service representative's job," the record does not show whether Waddell was testifying as to a customer service representative as that job is performed in the national economy or as McCarty actually performed it.  (Tr. 236).  This is especially true since the ALJ asked Waddell of her opinion based on assumed characteristics, and not those specific to McCarty as he actually performed his past work.  A failure to first make a function-by-function assessment of the individual's limitations or restrictions could

6

result in the adjudicator overlooking some of an individual's limitations or restrictions. SSR 96-8p. This could lead to an incorrect use of an exertional category to find that the individual is able to do past relevant work as it is generally performed and an erroneous finding that the individual is not disabled. *Id.* Because the ALJ explicitly based her decision on an erroneous standard, and because the record is void of substantial evidence bearing on the question of how McCarty actually performed his past relevant work, the Court must remand the question back to the ALJ.

Accordingly, it is hereby

ORDERED that McCarty's Petition [Doc. # 15] is GRANTED IN PART. The decision of the ALJ is REVERSED and the case is REMANDED for further consideration consistent with this ORDER.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: November 8, 2007
Kansas City, Missouri